# Exhibit C

Electronically Filed
8/11/2020 10:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-2749-20-C

| | | |
|---|---|---|
| THE DOOR CHURCH OF MCALLEN, INC.<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§ | _____ JUDICIAL DISTRICT |
| ADT LLC dba PROTECTION ONE<br>Defendant. | §<br>§ | OF HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff, The Door Church of McAllen, Inc., (hereinafter referred to as "The Door Church") files this original petition and request for disclosure against defendant, ADT LLC dba Protection One (hereinafter referred to as "ADT"), and alleges as follows:

### DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because plaintiff seeks monetary relief over $100,000.

### CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

### PARTIES

3. Plaintiff, The Door Church of McAllen, a Texas nonprofit 501(c)(3) corporation whose registered office is located in Hidalgo County at 2724 N. McColl Rd, McAllen, Texas.

4. Defendant, ADT, 314 Ash Ave., McAllen, Texas 78501, may be served with process by serving its registered agent for service of process, CT Corporation System, at 1999 Bryan St., STE 900, Dallas, Texas 75201.

### JURISDICTION

5. The Court has subject-matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

### VENUE

6. Venue for this suit under the Deceptive Trade Practices Act (DTPA) is proper in Hidalgo County under Texas Business & Commerce Code section 17.56.

Electronically Filed
8/11/2020 10:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2749-20-C

## FACTS

7. On or about August 19, 2019, in McAllen, Hidalgo County, Texas, Plaintiff received a proposal from defendant for a security system and a video camera system.

8. Defendant quoted Plaintiff a camera system that included dome cameras that had a 4 megapixel resolution.

9. Plaintiff accepted the proposal and paid Defendant for the proposed work.

10. Plaintiff discovered that defendant installed a lesser quality resolution camera system.

11. Plaintiff requested Defendant correct the deficient camera system, but defendant has refused.

## COUNT 1 – DTPA CLAIM

12. Plaintiff is a consumer under the DTPA because plaintiff is a Texas Non profit corporation who sought and acquired goods and services by purchase.

13. Defendant is a corporation, that can be sued under the DTPA.

14. Defendant violated the DTPA when defendant engaged in false, misleading, or deceptive acts or practices that plaintiff relied on to plaintiff's detriment. Specifically, defendant:

    a. caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

    b. represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

    c. represented that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

15. Defendant violated the DTPA when defendant breached an express and/or implied warranty and is therefore actionable under Section 17.50(a)(2) of the Texas and Business Commerce code. Specifically, defendant breached:

    a. the implied warranty of fitness for a particular purpose;

    b. the implied warranty of good and workmanlike performance;

    c. the implied warranty of merchantability.

Case 7:20-cv-00286   Document 1-3   Filed on 09/21/20 in TXSD   Page 4 of 9

Electronically Filed
8/11/2020 10:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2749-20-C

16. Plaintiff gave defendant notice as required by Texas Business & Commerce Code section 17.505(a). Attached as Exhibit A is a copy of the notice letter sent to defendant, which is incorporated by reference.

17. Defendant's wrongful conduct was a producing cause of plaintiff's injury, which resulted in the following damages:

   a. Plaintiff must hire a new company to remove and replace the camera system with a system that will meet Plaintiff's requirements.

   b. Plaintiff paid Defendants $27,956.76 for an inferior system that was not the bargained for camera system.

18. Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code were relied upon by Plaintiff to Plaintiff's detriment.

## COUNT 2 - COMMON LAW FRAUD

19. Plaintiff further shows that Defendant made material false representations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to his detriment.

20. Plaintiff would further show that Defendant concealed or failed to disclose material facts within the knowledge of Defendant, that Defendant knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendant intended to induce Plaintiff to enter into the transaction made the basis of this suit by such concealment or failure to disclose.

21. As a proximate result of such fraud, Plaintiff sustained the damages described more fully hereinbelow.

## ECONOMIC AND ACTUAL DAMAGES

22. Plaintiff seeks recovery of the following economic and actual damages as a result of the actions and/or omissions of the Defendant described herein:

   a. Out-of-pocket expenses, including but not limited to $27,956.76.
   b. Loss of use.
   c. Cost of replacement.
   d. Interest and finance charges assessed against and paid by Plaintiff.
   e. Loss of the "benefit of the bargain".

Electronically Filed
8/11/2020 10:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-2749-20-C

23. **Mental-anguish damages.** Defendant acted knowingly and intentionally which entitles plaintiff to recover mental-anguish damages under Texas Business & Commerce Code section 17.50(b)(1).

24. **Additional damages.** Defendant acted knowingly, which entitles plaintiff to recover treble economic damages and mental anguish under Texas Business & Commerce Code section 17.50(b)(1).

## ATTORNEYS FEES

25. Plaintiff is entitled to recover reasonable and necessary attorney fees for prosecuting this suit under Texas Business & Commerce Code section 17.50(d).

## JURY DEMAND

26. Plaintiff demands a jury trial.

## CONDITIONS PRECEDENT

27. All conditions precedent to plaintiff's claim for relief have been performed or have occurred.

## REQUEST FOR DISCLOSURE

28. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

## OBJECTION TO ASSOCIATE JUDGE

29. Plaintiff objects to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial.

## PRAYER

30. For these reasons, plaintiff asks that the Court issue citation for defendant to appear and answer, and that plaintiff be awarded a judgment against defendant for the following:

   a.   Economic/Actual damages.

   b.   Treble damages.

   c.   Prejudgment and postjudgment interest.

   d.   Court costs.

   e.   Attorney fees.

Electronically Filed
8/11/2020 10:04 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

**C-2749-20-C**

f.    All other relief to which plaintiff is entitled.

        Respectfully submitted,

        __/s/ John A. Rigney__
        John A Rigney, State Bar Number: 24089356
        4712 N. McColl Road, McAllen, Texas 78504
        Tel. (956) 638-6421; Fax. (956) 618-2218
        Email: RigneyLaw@aol.com
        Attorney for Plaintiff



# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Aug 25, 2020

**Server Name:** Eric Harris

**Location:** Dallas, TX-DAL

| Entity Served | ADT LLC |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | C-2749-20-C |
| Jurisdiction | TX-DAL |



**C-2749-20-C**
**139TH DISTRICT COURT, HIDALGO COUNTY, TEXAS**

**CITATION**
**THE STATE OF TEXAS**

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**ADT LLC DBA PROTECTION ONE**
**REGISTERED AGENT CT CORPORATION SYSTEM**
**1999 BRYAN STREET STE 900**
**DALLAS TEXAS 75201**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Bobby Flores, 139th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said petition was filed on this the 11th day of August, 2020 and a copy of same accompanies this citation. The file number and style of said suit being C-2749-20-C, **THE DOOR CHURCH OF MCALLEN, INC. VS. ADT LLC DBA PROTECTION ONE**

Said Petition was filed in said court by Attorney JOHN ANDREW RIGNEY, 4712 N MCCOLL RD  MCALLEN TX  78504.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 12th day of August, 2020.

**LAURA HINOJOSA, DISTRICT CLERK**
**100 N. CLOSNER, EDINBURG, TEXAS**
**HIDALGO COUNTY, TEXAS**

_____
**REYNALDO GARCIA, DEPUTY CLERK**

C-2749-20-C
OFFICER'S RETURN

Came to hand on _____ of _____, 202____ at _____ o'clock ____.m. and executed in _____ County, Texas by delivering to each of the within named Defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the _____ (petition) at the following times and places, to-wit:

| NAME | DATE | TIME | PLACE |
|------|------|------|-------|
|      |      |      |       |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees: serving ... copy(s) $_____
      miles ....................$_____


_____
**DEPUTY**
**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**
In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____/_____, my date of birth is _____ and the address is _____,and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in _____County, State of Texas, on the _____ day of _____, 202___.

_____
**Declarant"**


_____
**If Certified by the Supreme Court of Texas**
**Date of Expiration / PSC Number**